IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARCUS MALDONADO-OCHOA, Petitioner | § § § | |
| vs. | § | No. 23-CR-00034 (KMK) |
| UNITED STATES, Respondent | § § | |

MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)

TO THE HONORABLE COURT:

COMES NOW, Marcus Maldonado-Ochoa, Defendant-Petitioner Pro Se, in the above styled numbered cause, and respectfully files and submits this his Motion For Reduction In Sentence, pursuant to 18 U.S.C. § 3582(c)(2). Mr. Maldonado-Ochoa shows cause in support of reduction through the following.

I.

The United States Sentencing Commission enacted Amendment 821 to the Sentencing Guidelines regarding persons who received an extra two-points under former U.S.S.G. § 4A1.1(d), criminal history calculation, for committing the instant offense while under any criminal justice sentence. This Amendment, U.S.S.G § 4A1.1(e), now eliminates these enhancements for defendants under 7 criminal history points, while increasing such enhancement now by one-point that applies to defendants with 7 or more criminal history points. This Amendment became retroactive effective November 1, 2023. Mr. Maldonado-Ochoa understands that the Courts will not issue ruling until February 1, 2024.

II.

Mr. Maldonado-Ochoa was convicted in the United States District Court for the Southern District of New York, in Case No. 23-CR-00034 on June 29, 2023 for

Illegal Reentry. He was sentenced to 37 months with a Criminal History Category of II. Mr. Maldonado-Ochoa projected release date is April 26, 2025, this does not includes FSA time credits as he is ineligible for FSA credits. His Home Detention date is currently January 5, 2025.

### III.

Mr. Maldonado-Ochoa seeks a reduction in his sentence based upon the retroactive nauture of Amedhment 821, U.S.S.G § 4A1.1(e). As stated upon, Mr. Maldonado-Ochoa has 1 base criminal history point, plus the 2-point 'status' enhancement for a total of 3 points, a Category II. He contends he is eligible to receive the two-point reduction of his criminal history because he was on a criminal justice sentence when he picked up the underlying offense.

Under the new Amendment, he would not receive any status points. Thus, he would have 1 criminal history point and a new Category of I.

To determine if the Mr. Maldonado-Ochoa is eligible for the reduction, the Court must review Mr. Maldonado-Ochoa's criminal history as determined by the U.S. Probation Office that was included in the PSI/PSR. According to Mr. Maldonado-Ochoa's PSI, there is a criminal justice sentence in which Mr. Maldonado-Ochoa received the two-point "status points". With the two-point reduction Mr. Maldonado-Ochoa's criminal history category would change from Category II to Category I. Further consideration is at the discretion of the Court, after consideration of the sentencing factors in 18 U.S.C. § 3553(a).

Mr. Maldonado-Ochoa presents through the following herein supportive factors in granting a reduction. Mr. Maldonado-Ochoa has yet to complete any classes or programs available, since he enter BOP custody on October 11, 2023. He has signed up for several of the available classes and programs, he is presently on the waiting list for these claases. He continues to seek classes and programs that he can take so that he can better himself in the most

effective manner for rehabilitation. He has maintained financial responsibilities both Court assessed and family. A reduction would help in providing financial assistance to his family.

Mr. Maldonado-Ochoa further believes a reduction will not deflect from the seriousness of the crime, promote respect for the law, and still provide a just punishment for the crime. A reduction will not effect the public safety or unwarranted sentence disparities.

## IV.

According to the Sentencing Guidelines, with a new Criminal History Category of I, Mr. Maldonado-Ochoa's new calculated Guideline Range would be 41 to 57 months, offense level 22. As where Mr. Maldonado-Ochoa was sentenced to 37 months, including a downward departure/variance of 20% below the Guideline Range, Mr. Maldonado-Ochoa seeks a reduction with a similar downward departure/variance of 20% off the new Guideline Range for a potential reduction to 33 months, if the Court deems appropriate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Petitioner Marcus Maldonado-Ochoa, prays this Honorable Court finds merit and GRANTS a reduction in sentence, in the interest of justice.

Respectfully Submitted,

DATE: February 14, 2024

Marcus Maldonado-Ochoa
Petitioner Pro Se
BOP # 24329-047
FCI - Ft. Dix
PO Box 2000
Joint Base MDL, NJ  08640

I, Marcus Maldonado-Ochoa, declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

SIGNED on this the 14th day of February, 2024.

Marcus Maldonado-Ochoa

Motion for sentence reduction, pursuant to 18 U.S.C. Section 3582(c)(2), is denied. The relief is sought under Amendment 821, Part A of which alters a provision of the Guidelines that applies additional criminal history points, referred to as "status points," for individuals who committed their offense while subject to a criminal justice sentence. A defendant is eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, and if the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.

Defendant does not qualify for relief under Amendment 821. In particular, Defendant is not entitled to relief because this Court did not assess any criminal history points for "commit[ing] the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (U.S.S.G § 4A1.1(d) (2021).) Instead, the Court assessed Defendant six criminal history points for a total Criminal History Category of III. (Sentence Tr. at 34:24-25.) The Court assessed the defendant three criminal history points "for the September 2009 judgment of . . . up to 10 years' imprisonment" and three additional points "from the March 2012 judgment of 30 months' imprisonment." (Id. at 34:10-20. See also (Final Presentence Investigation Report) at ¶¶ 36-38.) Defendant was not assessed any additional Criminal History Category points pursuant to U.S.S.G. § 4A1.1(d). The Court determined that Defendant's final Guidelines Range "at a Total Offense Level of 19 and a Criminal History Category of III" would be 37 to 46 months imprisonment. (Exhibit A at 34:24-35:1.)

Because no "status points" were assessed in calculating Defendant's Guidelines range, Amendment 821 does not apply here. This is the same conclusion reached by the Probation Office. (See Doc. # 33.). Therefore, the application is denied.

So Ordered.
4/8/24